# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-04-00520-CV
---

**Alfredo Garza, Appellant**

**v.**

**County of Williamson, Appellee**

---
### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
### NO. 01-576-T368, HONORABLE JACK R. MILLER, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

Appellee the County of Williamson sued appellant Alfredo Garza, alleging that he owed nearly $6,000 in delinquent taxes on property he owns in Williamson County. Appellant, who is incarcerated, contended at trial that the taxing authorities erred in their valuation of his property and that he had not received adequate notice of the delinquent taxes. Judgment was entered against appellant, imposing a tax lien against the property and giving permission for the taxing authorities to sell the property to satisfy the tax delinquency. Appellant filed a motion asking this Court to stay the foreclosure sale, and on September 23, we granted his motion, ordering that no sale should take place until we had considered the merits of the appeal. On October 18, appellant filed a second motion, this time asking this Court to remand the cause to the trial court with orders to release him from the judgment due to newly discovered evidence. Appellant attached an "Account Summary" showing that as of October 1, 2004, and "based upon the tax records of the Williamson County Tax

Office," appellant did not owe any taxes to the various taxing authorities for the tax years 1999 through 2003. In fact, from the account summary, it appears that appellant may have overpaid his taxes in the amount of $652.63. Appellant also attached copies of several letters he wrote to appellee's counsel, the Williamson County Tax Assessor-Collector, and the Williamson County District Clerk, explaining the situation and asking that the judgment imposing the tax lien be vacated. Finally, appellant attached to the motion copies of a check written by the Williamson County Tax Assessor-Collector to the Williamson County District Clerk in the amount of $448.70 and referencing court costs in connection with appellant's property.

We cannot make any decisions on the merits of appellant's argument because the evidence he proffers was not before the trial court at the time it made its decision. It is for the trial court to consider evidence and make findings concerning its validity. However, the trial court's plenary power expired several months ago. Therefore, in the interest of justice, we abate the appeal and remand the cause to the trial court with instructions to evaluate and consider the purported evidence and enter findings of fact and conclusions of law regarding appellant's arguments and newly filed evidence. We ask that those findings of fact and conclusions of law be filed with this Court no later than January 14, 2005.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Kidd and Puryear

Filed: November 24, 2004

2